IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WINIFRED A. MCCAULEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 14 C 8698 |
| | ) |
| WILLIAM H. HUNTER, ESQ. and | ) |
| AUTOVEST, LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant William H. Hunter, Esq.'s (Hunter) and Defendant Autovest, LLC's (Autovest) motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

## BACKGROUND

Plaintiff Winifred McCauley (McCauley) claims that on January 23, 2013, in an attempt to collect an alleged consumer debt from her, Hunter filed a complaint against McCauley on Autovest's behalf in the Circuit Court of Cook County (Collection Action). On October 28, 2013, a judgment was allegedly entered against McCauley in the amount of $15,084.68. McCauley further alleges that Hunter caused an affidavit for wage deduction to be filed in the Collection Action on

1

December 4, 2013.

On October 31, 2014, McCauley filed the instant action and includes in her complaint claims alleging a violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* against Hunter (Count I) and claims alleging a violation of the FDCPA against Autovest (Count II). McCauley alleges that both Hunter and Autovest violated the FDCPA by filing the Collection Action in an improper venue in Cook County. Hunter now moves to dismiss the claims brought against it, and Autovest has joined Hunter's motion to dismiss.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint "must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted)**.**

**DISCUSSION**

Defendants argue that McCauley's complaint should be dismissed, contending (1) that McCauley lacks standing to prosecute the instant action, (2) that McCauley is judicially estopped from prosecuting this case due to her failure to disclose it during separate bankruptcy proceedings, and (3) that McCauley's claim is time-barred by the FDCPA's one-year statute of limitations. (MTD Mot. 1); (MTD Mem. 3).

I. Exhibits

Both McCauley and Hunter have filed certain exhibits which the court has considered. Generally, a court "may only consider the plaintiff's complaint when ruling on a Rule 12(b)(6) motion." *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 505 (7th Cir. 2013). However, Federal Rule of Civil Procedure 10(c) provides that "written instruments" attached to a pleading become part of that pleading for all purposes. Fed.R.Civ.P. 10(c). Thus, an attached document to the complaint qualifying as a written instrument, which is referred to and relied upon in asserting

3

the claim, becomes part of the complaint and "may be considered as such when the court decides a motion attacking the sufficiency of the complaint." *Williamson v. Curran*, 714 F.3d 432, 435-36 (7th Cir. 2013). Additionally, documents attached to Rule 12(b)(6) motions to dismiss which are similarly referred to in the plaintiff's complaint and central to the claim may also be considered. *Burke*, 714 F.3d at 505 (citing *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006)). Moreover, when an exhibit contradicts allegations in the complaint, the exhibit controls, even when considering a motion to dismiss. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013)(citing *Forrest v. Universal Savings Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007))(stating that "[w]here an exhibit and the complaint conflict, the exhibit typically controls").

McCauley has attached a copy of the Collection Action to her complaint (Compl. Ex. A) and a copy of the Collection Action's court docket sheet (Compl. Ex. C). Hunter has attached exhibits to the motion to dismiss, including copies of the certificate of service of the Collection Action (MTD Mem. Ex. B), the Bankruptcy Action petition and schedules (MTD Mem. Ex. C), and the discharge of debtor (MTD Mem. Ex. D). Since McCauley's exhibits and Hunter's exhibits are central to the instant claim, the court may consider them for purposes of adjudicating Defendants' motion.

Although McCauley alleges in her complaint that the Collection Action commenced "[o]n January 23, 2013," (Compl. 2), the court notes that McCauley's attachments relating to the Collection Action, specifically the caption page of the

4

complaint and the court's docket sheet, indicate that the filing date of the Collection Action was January 23, 2012. (Compl. Ex. A, 5); (Compl. Ex. C, 1). Thus, since the date in McCauley's exhibits contradicts the date alleged in McCauley's complaint as to the commencement of the Collection Action, the attached exhibits control. Accordingly, this court will consider January 23, 2012 to be the proper filing date of the Collection Action.

II. FDCPA Statute of Limitations

Defendants argue that McCauley's claim is time-barred by the FDCPA's one-year statute of limitations because the Collection Action was filed and served over one year prior to the filing of the instant FDCPA action. (MTD Mot. 1); (MTD Mem. 3). McCauley argues that the alleged violation occurred when Hunter and Autovest filed the garnishment proceedings against her in the Collection Action. (Resp. 6). However, McCauley cites to no case law to support her assertion.

The FDCPA provides that "[a]n action to enforce any liability . . . may be brought . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). There has been no Seventh Circuit precedent cited by the parties regarding when the FDCPA statute of limitations begins to run; however, the circuit courts which have ruled on the issue have found that the "the clock starts when the allegedly wrongful litigation begins." *Judy v. Blatt, Hasenmiller, Leibsker & Moore LLC*, 2010 WL 431484, at *3 (N.D. Ill. 2010)(finding that the statute of limitations begins to run on the date of the filing of the collection action)(citing *Naas v. Stolman*,

130 F.3d 892, 893 (9th Cir. 1997)).

The court agrees with Defendants that the statute of limitations began to run when the Collection Action against McCauley was filed. Since the relevant date of its filing was January 23, 2012, McCauley's filing of the instant action on October 31, 2014 falls outside of the one-year statute of limitations. Even if the court were to adopt the date of service of the complaint in the Collection Action, which was in May of 2013, (MTD Mem. Ex. B), McCauley's filing of the instant action would still be time-barred. Nor has McCauley shown that equitable tolling doctrines are applicable in this case. Therefore, McCauley's filing of the instant action is time-barred by the FDCPA's one-year statute of limitations, and for that reason alone, Defendants' motion to dismiss is granted.

III. Judicial Estoppel

In addition to the statute of limitations argument, Defendants argue that McCauley's complaint should be dismissed because McCauley is judicially estopped from prosecuting her FDCPA claim. Defendants contend that McCauley failed to properly disclose the claim as a potential asset in a bankruptcy action filed by her (Bankruptcy Action), nor did she amend her bankruptcy schedules during either the course of the Bankruptcy Action or upon its completion. (MTD Mot. 1); (MTD Mem. 3, 9). McCauley notes that she did file for Chapter 7 bankruptcy on December 20, 2013 and was discharged on April 8, 2014, which is confirmed by Hunter's attached exhibit of the Bankruptcy Action and discharge of debtor. (Resp. 3); (MTD

Mem. Ex. C, D). McCauley states that she was not aware of the FDCPA claim at the time of or by the conclusion of the Bankruptcy Action, and that she did not become aware of such until after *Suesz v. Med-1Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014) was decided by the Seventh Circuit on July 2, 2014, after the conclusion of the Bankruptcy Action. (Resp. 3). McCauley argues that her FDCPA claim is based upon the holding in *Suesz* that retroactively allows debtors to bring FDCPA claims against debt collectors who file actions in improper venues. *Id.* at 646-50; (Resp. 3). McCauley further contends that she had no duty to file amended schedules or reopen her bankruptcy estate. (Ans. 4).

Judicial estoppel exists in order to prevent a party from prevailing in a proceeding due to said party having taken a particular stance, and then prevailing in a second proceeding based on a contradictory stance. *See Williams v. Hainje*, 375 F. App'x 625, 627 (7th Cir. 2010)(stating that "judicial estoppel precludes a party from abandoning positions after they have prevailed on them in earlier litigation"). When specifically applied to a bankruptcy setting, a discharged bankruptcy debtor cannot subsequently litigate pre-bankruptcy claims. *See Metrou v. M.A. Mortenson Co.*, 781 F.3d 357, 358-59 (7th Cir. 2015)(stating that "a debtor is judicially estopped from litigating after the bankruptcy ends").

Whether McCauley was aware of her instant FDCPA claim before or after she was discharged from the Bankruptcy Action does not refute that the alleged conduct set forth in the claim occurred before the Bankruptcy Action was filed on December 20, 2013. Since the claim is pre-bankruptcy, the claim belongs to the

7

Bankruptcy Action trustee. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006)(stating that when a claim predates a bankruptcy petition, "the estate in bankruptcy, not the debtor, owns all pre-bankruptcy claims"); *see also Metrou*, 781 F.3d at 359-60 (stating that "a debtor who errs in good faith, and tries to set things right by surrendering the asset to the [t]rustee, remains entitled to any surplus after creditors have been paid, just as would have occurred had the claim been disclosed on the bankruptcy schedules"). Thus, McCauley, as the debtor, is judicially estopped from subsequently pursuing the instant FDCPA claim. For this reason as well, Defendants' motion to dismiss is granted.

## IV. Issue of Standing

Additionally, Defendants argue that McCauley lacks standing to prosecute the instant action because the claim remains unadministered property of her bankruptcy estate and that the instant action should be dismissed pursuant to Rule 12(b)(1). However, the courts have treated this issue as governed by judicial estoppel and thus not involving the issue of jurisdictional standing. As the court has addressed above, McCauley's FDCPA claim belongs to the Bankruptcy Action trustee. *See Spaine v. Cmty. Contacts, Inc.*, 756 F.3d 542, 546 (7th Cir. 2014)(finding that the debtor would have standing only if the claims had been abandoned by the trustee). The court also notes that Defendants' arguments appear to involve prudential standing, which is not a jurisdictional issue. *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534 (7th Cir. 2012)(indicating that the real-party-in-interest issue is a prudential standing

issue); *see also Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761 (7th Cir. 2013)(stating that "[p]rudential-standing rules, unlike constitutional ones, are not jurisdictional and therefore may be disregarded in certain circumstances"). Therefore, for the reasons stated above, Defendants' motion to dismiss is granted.

## CONCLUSION

Based upon the foregoing analysis, Defendants' motion to dismiss is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 7, 2015